In the Matter of the Application for DISCIPLINARY ACTION AGAINST Bruce L. MADLOM, A Member of the Bar of the State of North Dakota.

**DISCIPLINARY BOARD OF the SUPREME COURT OF the STATE OF NORTH DAKOTA, Petitioner,**

v.

**Bruce L. MADLOM, Respondent.**

**Nos. 960114–960119.**

Supreme Court of North Dakota.

June 3, 1996.

### ORDER FOR DISCIPLINE

Formal proceedings for discipline were brought against Bruce L. Madlom (Madlom) by Summons and Petition for Discipline which were received by Madlom on March 31, 1996; an Amended Petition for Discipline and Summons were received by Madlom on April 4, 1996. The material facts set out in the Amended Petition for Discipline indicate that Madlom represented Dana Hellerud (Hellerud) in a personal injury matter and deposited Hellerud's $14,500 settlement into his trust account on November 11, 1994. On November 28, 1994, Madlom issued Hellerud a check for 70%, less $82.07 for costs and $1,812.60 for payment of her chiropractic treatment; however, Madlom did not pay for the chiropractic treatment until February 1995, after informal disciplinary proceedings were started against him. On November 28, 1994, Madlom mailed Hellerud a check for $8,250.98 along with an accounting of the settlement. Madlom's trust account balance fell to $13,211.10, after Hellerud's settlement monies were deposited but prior to his accounting and payment to Hellerud.

Madlom represented Stephanie Beske (Beske) in a personal injury matter and deposited Beske's $20,000 settlement into his trust account on September 19, 1994. On October 3, 1994, Madlom issued Beske a

check for two-thirds of the settlement less costs of $51.59 and $1,305 for Beske's chiropractic treatment; however, Madlom did not pay for the chiropractic treatment until February 1995, after informal disciplinary proceedings were filed against him. Madlom mailed Beske a check for $11,976.75 along with an accounting of the settlement. Madlom's trust account balance fell to $13,018.98 after Beske's settlement monies were deposited but prior to his accounting and payment to Beske.

Madlom represented Kathleen Burgess (Burgess) in a personal injury matter and deposited Burgess's $7,500 settlement into his trust account on September 30, 1994. On October 10, 1994, Madlom issued a check to Burgess that was dishonored by Madlom's bank for insufficient funds. On October 11, 1994, Madlom issued Burgess a second check that was honored by the bank. Madlom's trust account balance fell to $798.13, after Burgess's settlement monies were deposited but prior to his payment to Burgess.

Madlom represented Jeff and Sheryl Withers (Withers) in a personal injury matter and deposited Withers's $18,000 settlement into his trust account on September 23, 1994. On September 30, 1994, Madlom issued the Withers a check for $11,839.10; it was negotiated by the bank on October 4, 1994. Madlom's trust account balance fell to $10,955.47 after Withers's settlement monies were deposited but prior to their payment.

Madlom represented an unnamed client and deposited this client's $28,843.16 settlement into his trust account on October 17, 1994. On November 11, 1994, Madlom issued a check to this client for $19,028.14; it was negotiated by the bank on November 14, 1994. Madlom's trust account balance fell to $8,071.42 after these settlement monies were deposited but prior to his payment to this client.

The Amended Petition further alleges that Madlom practiced a course of conduct of misappropriating other client funds from his trust account and of paying clients' settlements from money subsequently received for other clients' settlements. This conduct displayed a pattern of misconduct and multiple offenses considered aggravating circumstances under Standard 9.22(c) and (d), North Dakota Standards for Imposing Lawyer Sanctions.

On April 22, 1996, Madlom filed a Consent Affidavit with the Disciplinary Board. Madlom acknowledges that the Consent Affidavit was signed freely and voluntarily, without coercion or duress, and that he understands the full implication of his consent. Although Madlom does not concede that he violated Rule 1.2(A)(3), North Dakota Rules for Lawyer Discipline (NDRLD), (conduct involving dishonesty, fraud, deceit or misrepresentation), he recognizes that grounds for discipline exist under Rule 1.2(A)(1), NDRLD, (violating or attempting to violate North Dakota Rules of Professional Conduct (RPC)), the material facts of which are true and cannot be successfully defended. Madlom admits that his actions violated Rule 1.15(a) and (b), RPC, (failure to safeguard and promptly deliver client funds), Rule 1.15(c), RPC, (failure to keep funds separate), and section 27–14–02(7), NDCC, (misappropriation of funds).

The Hearing Body, finding the Consent Affidavit to be just and reasonable, recommended that Madlom be suspended from the practice of law for six months for violating Rule 1.15(a), (b), and (c), RPC, and Rule 1.2A(1), NDRLD and section 27–14–02(7), NDCC. The Hearing Body also recommended that Madlom be placed on supervised probation for two years following his suspension and that he pay the costs and expenses of the disciplinary proceedings in the amount of $500.

On May 7, 1996, the Disciplinary Board filed its Report with the Supreme Court, adopting the Findings and Recommendations of the Hearing Body and accepting Madlom's Consent Affidavit. The Court considered the matter, and

**ORDERED**, that Bruce L. Madlom, a member of the Bar of the State of North Dakota since September 25, 1989, is **SUSPENDED** from the practice of law for a period of six months, effective July 1, 1996.

**IT IS FURTHER ORDERED,** that Bruce L. Madlom be placed on supervised probation for two years following his suspension and that he pay the costs and expenses of the

disciplinary proceedings in the amount of $500, to the Secretary of the Disciplinary Board.

**IT IS FURTHER ORDERED,** that Bruce L. Madlom provide certification of compliance in accordance with Rule 6.3, NDRLD.

/s/ Gerald W. Vande Walle
Gerald W. Vande Walle,
Chief Justice

/s/ Herbert L. Meschke
Herbert L. Meschke,
Justice

/s/ William A. Neumann
William A. Neumann,
Justice

/s/ Dale V. Sandstrom
Dale V. Sandstrom,
Justice

/s/ Mary Muehlen Maring
Mary Muehlen Maring,
Justice