2004 ND 206

**In the Matter of the Application for DISCIPLINARY ACTION AGAINST Bruce L. MADLOM, a Member of the Bar of the State of North Dakota**

**Disciplinary Board of the Supreme Court of North Dakota, Petitioner**

v.

**Bruce L. Madlom, Respondent.**

No. 20040280.

Supreme Court of North Dakota.

Nov. 4, 2004.

PER CURIAM.

[¶ 1] On May 4, 2004, Bruce L. Madlom admitted service of the Summons and Petition for Discipline. The Petition for Discipline asserts that Madlom was admitted to practice law in the State of North Dakota on September 25, 1989, and has been an attorney at law since that time.

[¶ 2] The Petition further asserts in May of 2003, Bonnie Bell retained Madlom for the purpose of filing a Chapter 7 Bankruptcy, and Bell agreed to pay $750 for Madlom to prepare and file the bankruptcy petition and represent her at the first meeting of creditors. Bell also agreed to pay the $200 filing fee for filing the bankruptcy petition. The fee agreement provided "all fees paid are ***non-refundable and are considered as earned attorneys fees regardless whether or not you proceed with the completion of the bankruptcy process.***" (Emphasis in original.) Bell also agreed to assume full responsibility for the remaining balance of Heather Bell's (Bell's adult daughter) bill for attorney fees in the amount of $1,157.90. Bell and Madlom agreed to an initial payment of $350 for the filing fee and initial installment, to be followed by monthly installments of $150 until Bell's "account is paid in full." The retainer agreement also provided that if Bell fell behind in her payments, the bankruptcy petition would not be filed.

[¶ 3] The Petition further asserts that when Bell inquired why her bankruptcy petition had not been filed, she was told that the bankruptcy petition would be filed when she paid her attorney's fees and filing fee. Bell understood this included that her daughter's bill would also have to paid in full. Madlom's statement of account dated December 19, 2003, reflects attorneys fees of $750, plus a balance of $1,157.90 from Heather Bell's bankruptcy, less payments totaling $630, leaving a balance of $1,227.50.

[¶ 4] By letter dated January 2, 2004, Bell discharged Madlom as her attorney, and requested the return of any monies paid to Madlom. Madlom did not file a bankruptcy petition on Bell's behalf, nor did he refund any monies to Bell or agree to relieve her of her promise to assume her daughter's prior legal bill.

[¶ 5] The Petition alleges that Madlom violated N.D.R. Prof. Conduct 1.4, (Communication), N.D.R. Prof. Conduct 1.5(a) and (b) (Fees), N.D.R. Prof Conduct 1.16(e) (Declining or Terminating Representation). The Petition further alleges that N.D. Stds. Imposing Lawyer Sanctions 9.22 is an aggravating factor. *See Disciplinary Board v. Madlom*, 549 N.W.2d 196 (N.D.1996).

[¶ 6] On October 8, 2004, Madlom along with Brent J. Edison, Assistant Disciplinary Counsel, filed a Stipulation and Consent to Discipline. Madlom stipulated that he violated N.D.R. Prof. Conduct 1.4, (Communication), N.D.R. Prof. Conduct 1.5(a) and (b) (Fees), and N.D.R. Prof Conduct 1.16(e) (Declining or Terminating Representation), and consented to a reprimand by the Supreme Court. Madlom also consented to an order of restitution to Bonnie Bell in the amount of $630, that Bell be released from any obligation to pay her daughter's legal bill, and to pay costs in the amount of $250.

[¶ 7] The Hearing Panel filed its Report on October 8, 2004, accepting the Stipulation and Consent to Discipline, and concluding Madlom did not adequately explain the terms of his engagement and the requirements of his fee agreement in violation of N.D.R. Prof. Conduct 1.4; Madlom charged a "non-refundable" $750 fee to prepare and file a Chapter 7 bankruptcy petition and represent Bell in the first meeting of creditors, but failed to make a refund of fees when representation was terminated before the bankruptcy petition was filed in violation of N.D.R. Prof. Conduct 1.5(a); Madlom failed to adequately communicate the terms of his engagement and the requirements of his fee agreements in violation of N.D.R. Prof. Conduct 1.5(b); and Madlom did not refund fees upon termination of representation in violation of N.D.R. Prof. Conduct 1.16(e). The Hearing Panel recommended Madlom be reprimanded by the Supreme Court, pay restitution to Bell in the amount of $630 and relieve her of her obligation to pay her daughter's legal bill, and pay the costs of the disciplinary proceedings in the amount of $250.

[¶ 8] The matter was submitted to the Court under N.D.R. Lawyer Discipl. 3.1(F)(2). Objections to the Report of the Hearing Panel were due October 31, 2004; no objections were filed. The Court considered the matter, and

[¶ 9] ORDERED, the Report of the Hearing Panel of the Disciplinary Board is accepted.

[¶ 10] FURTHER ORDERED, Bruce L. Madlom is reprimanded for violation of N.D.R. Prof. Conduct 1.4, (Communication), N.D.R. Prof. Conduct 1.5(a) and (b) (Fees), N.D.R. Prof Conduct 1.16(e) (Declining or Terminating Representation).

[¶ 11] FURTHER ORDERED, Bruce L. Madlom pay restitution in the amount

of $630 to Bonnie Bell, and release Bonnie Bell from any obligation to pay her daughter's bill.

[¶ 12] FURTHER ORDERED, Bruce L. Madlom pay the costs of the disciplinary proceedings in the amount of $250.

[¶ 13] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, DALE V. SANDSTROM, MARY MUEHLEN MARING and CAROL RONNING KAPSNER, JJ., concur.